UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOLT THREADS, INC.,<br>　　　　　Plaintiff,<br>　v.<br>ECOVATIVE DESIGN LLC,<br>　　　　　Defendant. | Case No. 19-cv-01046-KAW<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 2 |

On February 25, 2019, Plaintiff Bolt Threads, Inc. filed the instant complaint, asserting that Defendant Ecovative Design LLC had materially breached a License and Assignment Agreement ("Agreement"). (Compl. at 1, Dkt. No. 1.) Plaintiff also filed a motion to file under seal, seeking to seal all references to specific terms of the Agreement, as well as the Agreement itself. (Mot. to File Under Seal, Dkt. No. 2.) Plaintiff states that the sealing is required because "[t]he Agreement expressly provides that neither party shall disclose any terms or conditions of the Agreement." (*Id.* at 2.)

The Court DENIES the motion to file under seal without prejudice. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted). The burden is therefore on the party seeking to seal a judicial record to "overcom[e] this strong presumption by meeting the 'compelling reasons' standard. That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring

disclosure . . . ." *Id.* at 1178-79 (internal quotations omitted). "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, sch as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

Here, Plaintiff seeks to seal the majority of its complaint. "This Court and other district courts in the Ninth Circuit have applied the compelling reasons standard to a motion to seal involving the filing of a complaint because a complaint is the foundation of a lawsuit." *Ponomarenko v. Shapiro*, Case No. 16-cv-2763-BLF, 2017 U.S. Dist. LEXIS 133560, at *7 (N.D. Cal. Aug. 21, 2017); *see also In re Google Inc. Gmail Litig.*, Case No. 13-md-2430-LHK, 2013 U.S. Dist. LEXIS 138910, at *11 (N.D. Cal. Sept. 25, 2013).

While Plaintiff asserts that the terms are confidential because the Agreement provides that the parties shall not disclose the terms, this does not satisfy the compelling reasons requirement. "[A]n agreement among parties to keep a document confidential does not establish a compelling reason to seal." *Ponomarenko*, 2017 U.S. Dist. LEXIS 133560, at *10; *see also* Civ. L. R. 79-5(d)(1)(A) ("Reference to a stipulation . . . that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). For that reason, the Court DENIES the motion to file under seal without prejudice.

Plaintiff has chosen to file this lawsuit for breach of contract, thus putting the subject matter of the Agreement at issue. *See Ponomarenko v. Shapiro*, Case No. 16-cv-2763-BLF, Case No. 16-cv-2763-BLF, 2017 U.S. Dist. LEXIS 146877, at *6 (N.D. Cal. Sept. 11, 2017). Any renewed motion to file under seal should be narrowly tailored, and Plaintiff must demonstrate that there are compelling reasons to seal the information with specific factual findings, *i.e.* that the portions to be sealed contain trade secrets or competitively sensitive business information.

IT IS SO ORDERED.

Dated: March 5, 2019

KANDIS A. WESTMORE
United States Magistrate Judge